Good morning, may it please the court. My name is Ryan Moore from the Federal Defender's Office in Tucson. I represent the appellant Mr. Bautista. I'll reserve two minutes rebuttal and I'll watch the clock myself. The court should remand for resentencing in this case without the additional six level increase to the base offense level that resulted from the prior conviction enhancement that was applied. The prior Arizona marijuana conviction in this case was categorically overbrought because Arizona's statutory definition of marijuana encompasses hemp. But hemp had been removed by Congress from the federal drug schedules at the time of the federal sentencing hearing. We use the federal drug schedules in effect at time of the sentencing hearing because this court has already held that the guidelines define the generic crime at issue here by pointing to the drug schedules and Congress has required that we use the guidelines in effect on the date of sentencing. Under any standard of review, a remand is appropriate. So in your view, it does not matter that at the time of the earlier conviction the definitions were the same. In your view, what matters is the definition at the time of sentencing and the definition under the guidelines. Yes, your honor, and the very foundation of federal sentencing is using the law in effect at the time of the sentencing hearing, the guidelines in effect at sentencing. The purpose of the guidelines is uniformity in sentencing. Using different definitions of the generic crime from various different points in time would create disparity. The government offers no case indicating that any other rule should apply. Its cases only provide that the elements of the prior conviction are locked in on the date of the prior conviction, which we obviously don't dispute. But I take it, counsel, this was not raised in the district court. No, it was not. So, you know, we've urged the court to apply de novo review. Even if the court applies plain error review, this was a plain error. It was clear and obvious at the time because of the clear statute required as applying the guidelines in effect on the date of sentencing and in combination with this court's 2012 ruling that the guidelines definition is the federal drug schedules. What did the pre-sentence report say? The pre-sentence report applied the increased base offense level of 20. And its reasoning is really inopposite. Neither party argues against or adopts the pre-sentence report's reasoning in this case. I'm sorry, I didn't hear you. You need to adopt your voice. The pre-sentence report applied the enhancement issue, as did the district court. Yeah, so the district court went along with the PSR, correct? It did. It did. Bautista has shown a realistic probability that Arizona applies its marijuana definition and drug trafficking statutes to hemp in a non-generic manner in this case because the statutes are facially overbroad and further the statutes are explicit that Arizona does not have the hemp exception in the federal generic definition. Arizona's definition of marijuana broadly includes any cannabis plant and Arizona's definition of marijuana includes an exception for mature stocks and fibers, that kind of stuff, that does not list hemp. In addition, it's further explicit in the Arizona statutes that Arizona punishes hemp transportation as drug trafficking because two statutes expressly provide that, 3-319C and 13-3405. Those codify that hemp transportation remains drug trafficking. So Arizona law is not merely silent as to whether it contains an exception for hemp. It's clear that Arizona does not include the federal generic crimes hemp exception. In addition, I want to highlight the facts of the Anderson case, which I cited in the opening brief but I didn't discuss the facts. It's helpful. In Anderson, the defendant argued that his immature young cannabis plant was just too immature to contain any THC and so it shouldn't qualify as marijuana. And there isn't a court of appeals in a case that hasn't been superseded by statute or overturned that I can see in any way. Now, it doesn't matter. The state doesn't have to test for active components. All it has to do is, in that case, the criminalist looked at the hairs and looked at some other features like the seeds and did some basic testing that didn't test for active components. And the court held that and that was enough to prove that that plant was marijuana. So that's a better case than if I had a hemp case. Because in a hemp case, a defendant would be arguing that his cannabis plant didn't qualify as marijuana because it only had 0.03% concentration of THC or less. In Anderson, the defendant argued that his cannabis plant didn't qualify as marijuana because it had no THC at all. And the Arizona Court of Appeals says it doesn't matter. If it's a cannabis plant, it's marijuana in Arizona and you can be convicted. We do have a case and the statutes are facially overbroad and clear that Arizona does punish hemp transportation as drug trafficking. Council, I have a question. If we were to agree and say that plain error occurred, why is this case a case where we should reverse to correct that error? Because the last part of the plain error analysis is a discretionary point about whether the error affects the fairness of the process. So why does your case fit within that fourth inquiry that we're supposed to make? If the court finds that the first two prongs of the plain error test are satisfied that there was error and that it was plain, then under this court's case law, I think that this case easily satisfies the remaining prongs because the error in the case doubled the guideline range. And the Supreme Court has held that in the usual case due to the systemic function of the guidelines that an error of that nature will derail the sentencing before it even begins. And so there is a reasonable probability of a different result. And that was the that was Molina Martinez. And in addition, under the fourth prong, any error that increases the risk of a higher sentence satisfies the fourth prong. That was Rosales Martinez. And this court's cases, I've just cited two, but there are there are many. Wong, W-A-N-G and Bard, Bard, Jem, were both cases similar to this one where there were plain errors and those errors increased the guideline range, which is the starting point for the whole federal sentencing hearing. And this court in those cases held that remand for resentencing was appropriate under all under prompts three and four of the plain error test. Why don't we let you see the rest of your time and we'll hear from the government. Thank you. Woolbridge is yours. All right. May it please the court, counsel. Good morning, Your Honor. My name is Angela Woolbridge and I'm appearing on behalf of the United States. Remand for resentencing is not appropriate under any standard of review here because the defendant fails to meet his burden of showing that the Arizona courts have ever applied his statute of prior conviction more broadly than the exception for him was enacted in 2018. And focusing on the Anderson case that the defendant argued both in his brief and this morning, that case does not involve the statute of the defendant's prior conviction. The statute of the defendant's prior conviction, 13-3405, was a felony controlled substance trafficking offense. In Anderson, that dealt with misdemeanor possession of a marijuana plant under a completely different statute, which does not obviously apply in this particular case. So the defendant has still failed to present any case in which Arizona has ever prosecuted an individual who has the traffic in him, a quantity of such a little active THC, I believe, 0.03% or less, and actually prosecuted them under the felony drug trafficking statute. So he can't either under... Can I interrupt for just a minute? Of course. If we were to disagree with you on the point that you have just argued, that overbroad for purposes of the categorical analysis, do you still think that the sentence is proper? That is to say, at the time of the sentencing, the federal guidelines would not count it, even though at the time of the conviction, it would have been counted. Are you making the argument that even if the Arizona statute is overbroad, he was nevertheless properly sentenced under the guideline calculation? If the Arizona statute were categorically overbroad, which we do not believe it was, the defendant was still properly sentenced. Perhaps it would have resulted in a different guideline calculation, yes. But as we discussed in our brief... He was improperly sentenced. We have to remand for resensing if the guidelines were miscalculated. Your Honor, in most cases, I would agree that that's true. But as Molina Martinez tells us, that remand and resensing is not always required when there is a improper guideline calculation, that this court must consider the facts and circumstances of each case. And in this particular case, the fact departing from the guidelines as it had been calculated. Let me ask the question a little bit differently then. Assume for purposes of my question, that the Arizona statute is overbroad. I understand you're arguing otherwise. But assume for purposes of my question that the Arizona statute is overbroad. Was the guideline calculation properly made? No, Your Honor. If the Arizona statute is categorically overbroad, then there would be an error in the guideline calculations. I agree with that theory. But Your Honor, again, our position would be in that instance, because the court made a very substantial record about why it sentenced the defendant to the 30 months, including the fact that he was on probation, that he had a that was somewhat significant. She stated, I can't overlook how serious this crime is, especially the threats that the defendant was making with not one, but I believe two elementary schools. She said, I have reviewed the guidelines. Even if we were to remand for sentencing under the proper guideline calculation, the district judge is perfectly free to reimpose the same wrong to remand for re-sentencing. It is routine, but as this court found in Molina Martinez, there are circumstances where it is not appropriate because the district court makes a substantial record showing that there are reasons outside of the guidelines that drove the sentence. And I believe that this case has such a record as well. This was not a guideline-driven sentence. Further, Your Honor, I would like to argue that the Arizona statute is not categorically overbroad because the particular definition in section 4B1.2 does not expressly encompass the drug schedules. And I understand that this court has found that the drug schedules do apply to this definition. However, there is no express language that every single modification, especially a modest deviation, as I would submit that the hemp exception is, that every single modest deviation over time to the drug schedules is any previous convictions to be invalid. And I believe it was the Supreme Court's line of cases in the Stoeckling, Stitt, and Sims, if I recall correctly, that discussed that we want to give the congressional intent in amending statutes to keep consistency among the state cases and that we are not to automatically render invalid previous state convictions under substantially similar statutes. Counsel, I have a question about that. If that's true, if changes to the Controlled Substances Act don't inform this categorical analysis, then what would a court look at for the definition to conduct that analysis? Where is the definition going to be found if we're not following the Controlled Substances Act, which our case law says we have to? I think that, I think we do need to look at the Controlled Substances Act, but I think that we also need to look to the fact that this court's cases also say that it needs to give weight to the intent of the sentencing commission. And here, the sentencing commission could have reflected the guidelines to reflect the, could have, I'm sorry, amended the guidelines to reflect the hemp exception and chose not to do that. So that here we have a defendant who was convicted, not of a hemp offense, but convicted of trafficking in marijuana. And the exclusion of hemp, again, such a small THC concentration to, in our position, to be a merely a modest deviation because realistically this is not going to apply in the majority of cases. And in fact, perhaps no cases because the defendant has not shown, again, under any standard of review, has not shown that there has been a single case where Arizona has convicted an individual of a felony drug trafficking offense in offenses involving hemp, something that is so benign that it has a barely perceptible THC level. And so because he cannot meet that burden under any standard, the remand is not appropriate, especially plain error that applies here, because as our discussion, I think, demonstrates, this is not a purely legal analysis. This is something that does require looking to how the state treats the offenses. And the defendant failed to raise that before the district court. It failed to give the parties the opportunity to look to those potential cases. It failed to give the court the opportunity to determine the sentence independent of that calculation with or address that issue. So I would submit that plain error review should apply here. And certainly because neither this court nor any other circuit has addressed whether the 2018 hemp exception invalidates all prior drug trafficking convictions in states that do not have a hemp exception to their marijuana. It doesn't invalidate the conviction. It just treats it differently for purposes of sentencing. Correct. I spoke poorly, but would exactly exclude that conviction as a but that is significant, Your Honor. And obviously the fact that these sentences, I'm sorry, these convictions are considered in the base offense level of the guideline calculations under 2K2.1, it is something that is significant and something I believe so significant had the Sentencing Commission intended that exception to apply would have made the guidelines in effect when the defendant was sentenced did not reflect an exception for hemp. And there's nothing suggesting that the defendant was convicted of a hemp offense nor that Arizona would ever convict anyone or prosecute anyone under the drug trafficking statute of the defendant's conviction, not some misdemeanor statute. You're over time. I think we understand. Thank you. Thank you very much. Your Honor, the government first argues that if prongs one and two of the plain air test are satisfied, prongs three and four should not be because this was, the government said this was not a guideline sentence. That's contrary to the requirement that district courts correct. If you don't mind, I'd be most interested in the Duenas-Alvarez argument. That is to say that your adversary is saying that there's no evidence at all that Arizona would ever prosecute the broad version of the statute. Judge, ARS 3-319C provides that a person who transports hemp without a license is subject to 13-3405. 13-3405 is the statute under which Bautista was convicted. Right. Is there any evidence that anyone's been tried, prosecuted, convicted under the broad definition just for hemp? No, not for, there's no hemp case, but Anderson is a case that's better than hemp because it doesn't involve any THC at all. So it is effectively a that the combination of the plain, I mean, this statute is held that the Duenas-Alvarez requirement, this court has held, is satisfied by facial overbreath where it's not. Do we need evidence of an actual conviction if the statute is clear? No. No. We held that, Gristle, Vidal, Unbonk and subsequent cases, including through 2020. And so we contend that we don't need a case because the statute is just so crystal clear that Arizona lacks this exception and does apply its statutes to hemp transportation. And that even if a case were required, we have the Anderson case, which is in effect a hemp case, better than a hemp case. Okay. You've got a few seconds left. Any last remark? No, Your Honor. We'll submit the case. Okay. Thank you. Thank both sides for their arguments. United States v. Bautista now submitted for decision. Thank you very much.
judges: Schroeder, W. Fletcher, Hunsaker